IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID McCOY LOVEJOY, PRO SE, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0199 |
| | § | |
| BRIAN THOMAS, Potter County Sheriff; | § | |
| NFN VELASQUEZ, Deputy; | § | |
| NFN HARPER, Deputy; | § | |
| NFN JONES, Deputy; and | § | |
| POTTER COUNTY SHERIFFS DEPT., | § | |
| | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DAVID McCOY LOVEJOY, acting *pro se*[1], has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Upon review of plaintiff's complaint and his November 2, 2011 Questionnaire response, a show cause order was issued March 1, 2012, giving plaintiff fourteen days to respond and show why the instant cause should not be dismissed for the reasons specified therein. The fourteen-day period has expired, and no responsive pleading has been received from plaintiff.

By his Complaint, plaintiff claims that on November 5, 2010, while in the custody of Potter County Sheriff's Department and in hand restraints, he was pushed face first into a wall by defendant Deputy VELASQUEZ, causing six of plaintiff's teeth to loosen. Plaintiff says one

---

[1]Plaintiff was not a prisoner at the time he filed the instant lawsuit.

tooth fell out on November 10, 2010.  After his December 1, 2010 release[2] from jail, four more

teeth fell out on December 7, 2010, and a final tooth fell out on December 9, 2010.  Plaintiff says

his initial request for medical help right after the incident was denied by defendant Deputy

HARPER, who placed him in a filthy cell instead.  Plaintiff says he did not receive medical help

for seventy-two hours, but does not detail what help he received at that time.  Plaintiff says he

submitted a report on the incident to jail officials and, that, on November 22, 2010, defendant

Deputy VELASQUEZ threatened plaintiff, saying plaintiff had fallen and could fall again if he

was not careful.  Plaintiff says he then made a second report.  Plaintiff alleges defendant Deputy

JONES picked up the second report, but threw it away to protect defendant VELASQUEZ.

Plaintiff states he asked for the sergeant on duty and Sgt. Peek responded and ~~make~~ made defendant

Deputy JONES dig the report out of the trash.  Plaintiff says he also made a formal complaint at

the Sheriff's office on his release.

Although in his complaint, plaintiff says he asked to see a dentist daily, in his

November 2, 2011 Questionnaire response, he says he submitted a request on November 11,

November 15, November 18, November 22, and November 26, but was simply told, "They will

get to you."

Plaintiff states he is suing defendants THOMAS, VELASQUEZ, HARPER, and JONES

each in their official capacity, and requests an award of $5,000,000.00.

When asked to list each act or omission by defendant THOMAS on which he based his

claim(s) against that defendant, plaintiff responded that the deputies had "abused Mr. Lovejoy

---

[2]See plaintiff's September 9, 2011 response to the September 1, 2011 Order to Provide Additional Information.

2

without any threat of conscience, no need of report, 11/22/10 the threat made by Deputy

Velasquez, and the throwing away of the report by [defendant] Deputy Jones shows [defendant

THOMAS] as the head allows these actions to go on."

When asked to identify with specificity any jail policy, custom, or practice he was

challenging, plaintiff responded a medical request or a report about deputy abuse can be thrown

away by the deputy on duty with no copy or follow-up with the inmate.

## JUDICIAL REVIEW

Title 28, United States Code, section 1915(e)(2) provides:

> [T]he court shall dismiss the case at any time if the court
> determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> > (i) is frivolous[3] or malicious;
> > (ii) fails to state a claim on
> > which relief may be granted;
> > or
> > (iii) seeks monetary relief
> > against a defendant who is
> > immune from such relief.

28 U.S.C. 1915(e)(2). Thus, the very statute allowing plaintiff to proceed as a pauper also

requires the Court to screen a pauper's complaint and dismiss it without service of process at any

time the Court makes a determination of frivolousness, etc. A *Spears* hearing need not be

---

[3]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[4].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff sues the POTTER COUNTY SHERIFFS DEPT. Sheriff's departments are governmental subdivisions without capacity for independent legal action. *Rideau v. Jefferson County*, 899 F.Supp. 298, 301 (E.D.Tex. 1995). In order for a plaintiff to sue a city department, that department must "enjoy a separate legal existence." *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff's claim against this defendant lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff sues defendant BRIAN THOMAS, Potter County Sheriff, in his official capacity. Supervisory officials, such as sheriffs, cannot be held vicariously liable for a subordinate's actions under section 1983. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir.), *cert. denied*, 488 U.S. 851 (1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985)(*per curiam*). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that

[4]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Plaintiff has clearly discarded the first basis of liability as he has not alleged any personal participation by defendant THOMAS and plainly states he is suing him in his official capacity. Therefore, the Court must determine whether plaintiff has presented allegations against defendant THOMAS in his official capacity as Potter County's policy maker. *See Turner v. Upton County, Tex.*, 915 F.2d 133, 136 (5th Cir. 1990)(recognizing that in Texas, the county sheriff is the county's final policymaker in the area of law enforcement); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)(noting municipal liability under section 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom).

When required to identify with specificity any jail policy, custom, or practice he was challenging, plaintiff responded a medical request or a report about deputy abuse can be thrown away by the deputy on duty with no copy or follow-up with the inmate. Plaintiff further stated the fact that he was threatened and his second report was thrown away (by defendant JONES) shows defendant THOMAS "allows these actions to go on." This latter allegation, of course, completely fails to show defendant THOMAS had any knowledge of the alleged unconstitutional acts or of the alleged threat and attempt to throw plaintiff's second report away.

Although expressly required to do so by way of his Questionnaire response, plaintiff has failed to identify a formal policy or an informal custom or persistent and widespread practice

which was the cause of either the alleged use of excessive force or the alleged denial of medical/dental care.

Plaintiff has failed to allege facts sufficient to state a claim against defendant THOMAS in his official capacity which is facially plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, _____, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Plaintiff has also sued defendants VELASQUEZ, HARPER, and JONES in their official capacity. To name a defendant in his official capacity is functionally equivalent to naming the governmental entity, in this case the county, as a defendant. Municipal liability under section 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Plaintiff's failure to identify a formal policy or an informal custom or persistent and widespread practice which was the cause of either the alleged use of excessive force or the alleged denial of medical/dental care is fatal to his claim against these defendants in their official capacity.

In addition to the complaint form, plaintiff received a second opportunity to clarify his claims by way of his November 2, 2011 Questionnaire response. It appears plaintiff has stated his best case, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), and there is no need for a further factual statement from plaintiff. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

6

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DAVID McCOY LOVEJOY is DISMISSED WITH PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

It is SO ORDERED.

Signed this the _____ day of March, 2012.

MARY LOU ROBINSON
United States District Judge